UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:17-CV-00013-JHM

GARY BIELEFELD                                                   PLAINTIFF

v.

MENARD, INC.                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Menard, Inc.'s ("Menard's") motion for summary judgment. (DN 17.) Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff Gary Bielefeld was shopping at Menard's in Owensboro, Kentucky, on July 29, 2016. (Dep. Bielefeld [DN 17-1] at 28:24–29:2.) While walking to retrieve plumbing supplies, he tripped over a "platform lift," falling and tearing his rotator cuff. (*Id.* at 49:3–21, 90:22–91:3.) A platform lift is a piece of machinery that allows the operator to place objects onto the platform and mechanically raise them. (*See* Platform Lift Photo [DN 17-2]; Dep. Brian Jones [DN 17-3] at 16:12–25.) The platform on this particular lift extended anywhere from five to eight inches off the ground. (Dep. Bielefeld [DN 17-1] at 82:7-15 (five to six inches); Dep. Jones [DN 17-3] at 16:4–8 (six to eight inches).) The platform is green with black metal sides or edges, and it rested upon a grey floor. (Dep. Jones [DN 17-3] 17:1–7.) On one side of the platform, there is a "back stop" or "guard rail," which is composed of intersecting metal bars that form eight rectangular "panels" and is about six feet in height. (Platform Lift Photo [DN 17-2]; Dep. Bielefeld [DN 17-1] at 82:19–22.) On another side is the operator "cabin," and two sides are open. (Platform Lift Photo [DN 17-2].) Just prior to his fall, Bielefeld had his hand resting

on the back stop while he watched a Menard's employee operate a different piece of machinery. (Dep. Bielefeld [DN 17-1] at 46:23–47:9.) There is conflicting testimony as to whether the platform lift was parked in an aisle or "docked in its bay." (Dep. Bielefeld [DN 17-1] at 66:15–16; Dep. Jones [DN 17-3] at 21:8–9.) But surveillance footage of the incident shows that while the cabin of the lift was parked in a bay, the platform was parked in the aisle. (Video [DN 21-5] at 9:00.) At the time of the incident, Menard's had a company policy that required such machinery to be parked "with the platform facing the pallet racking in its designated spot," as "[a]isles must stay clear for Guests to shop." (Policy and Procedure [DN 21-4] at 7.) There were also "caution equipment" signs located near the overhead merchandise in the aisles. (Dep. Jones [DN 17-3] at 15:6–16.)

Bielefeld brought the present action against Menard's on January 23, 2017, in Daviess Circuit Court, asserting a single claim of negligence. (Pl.'s Compl. [DN 1-2] at 2–5.) Menard's removed to this Court (DN 1) and has now moved for summary judgment. (DN 17.)

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

The law in Kentucky surrounding negligence and premises liability has changed significantly in recent years. *See, e.g., Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901 (Ky. 2013). While the Court will address these changes throughout the opinion, at the outset it is important to note where this case begins.  There is no disagreement, nor could there be, that Bielefeld was an invitee onto Menard's premises.  As such, it owed him a duty to "to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Id.* at 909. All of Menard's arguments in favor of summary judgment go not to whether it owed a duty to Bielefeld but rather whether it breached that duty.  This issue, which looks to whether a standard of care has been met or satisfied, is "inherently fact-intensive, grounded in common sense and conduct acceptable to the particular community.  Accordingly, [it] should be a question normally left to the jury under the breach analysis," unless no reasonable person could differ on the matter.

*Id.* at 913–14. With this in mind, the Court turns to Menard's arguments as to whether it breached any duty owed to Bielefeld.

### A. WHETHER THE PLATFORM LIFT WAS UNREASONABLY DANGEROUS

Menard's first argues that it cannot be liable for any injury caused by Bielefeld tripping over the platform lift, as the platform lift was not an "unreasonably dangerous" condition that required elimination or warning. However, Menard's cites to no cases to support this fact-specific argument, and recent changes in Kentucky's premises liability laws indicate why. Following *Shelton*, the Kentucky Supreme Court has spoken extensively on when a condition is to be considered "an unreasonably dangerous condition, and who gets to make that determination." *Grubb v. Smith*, 523 S.W.3d 409, 417 (Ky. 2017). And each time it has spoken, it has unequivocally stated that a jury should decide whether a condition is unreasonably dangerous, as the existence of an unreasonably dangerous condition goes to the ultimate factual question of whether a defendant breached the duty owed to invitees onto its premises. *See Grubb*, 523 S.W.3d at 421 ("the question of 'the unreasonableness of the risk of harm' of such a condition, will almost always be 'properly categorized as a factual one'") (citing *Shelton*, 413 S.W.3d at 916). The Supreme Court did note that summary judgment may still be appropriate in premises liability cases, but the question of whether a defendant breached its duty to an invitee should only be taken from the jury "when, under all the circumstances of the given case, 'reasonable minds cannot differ' on the unreasonable-risk question[.]" *Grubb*, 523 S.W.3d at 421 (citing *Shelton*, 413 S.W.3d at 916). This is not such a case, as there is sufficient evidence indicating that the platform lift was unreasonably dangerous so as to create a factual dispute on the issue of breach. For example, Menard's policy governing the use of the platform lift indicates that the machine should not be parked with the platform facing the aisle, as it creates a

risk of injury to guests. (*See* Policy and Procedure [DN 21-4] at 7) (indicating that platform lift "should NOT be left unattended in any aisles of the store. Aisles must stay clear for Guests to shop"). Thus, the "reasonableness of the risk in this case [is] subject to rational disagreement," making summary judgment inappropriate. *Grubb*, 523 S.W.3d at 421.

### B. WHETHER PLATFORM LIFT WAS OPEN AND OBVIOUS CONDITION

Next, Menard's argues that summary judgment is appropriate, as the platform lift constituted an "open and obvious condition" that served as its own warning. But this is just a variant of its previous argument, as a risk that is "open and obvious" has generally been considered to not be unreasonably dangerous. *Grubb*, 523 S.W.3d at 417 ("Under the old common law, the rule developed that conditions on the land could not be deemed unreasonably dangerous if they were 'known to the visitor or so obvious to him that he may be expected to discover them'") (quoting *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528 (Ky. 1969)). The Kentucky Supreme Court has spoken just as clearly on this issue in recent years, indicating that the "open and obvious" doctrine no longer acts as a complete bar to liability but is, "under comparative fault, no more than a circumstance that the trier of fact can consider in assessing the fault of any party, plaintiff or defendant." *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 297 (Ky. 2015) (citing *Shelton*, 413 S.W.3d at 911–12). Thus, the jury may consider how "open and obvious" the risk of the platform lift was in weighing the fault of the parties, but Menard's will not be wholly insulated from liability because, as a matter of law, the risk posed by the platform lift was "open and obvious." *Accord Richardson v. Dollar Gen. Corp.*, 2017 WL 2177975, at *4 (W.D. Ky. May 17, 2017) ("whether the substance on the floor was open and obvious would not automatically terminate Dollar General's duty of care owed to invitees"). Again, the

5

"reasonableness of the risk in this case [is] subject to rational disagreement," and as such, the Court will not grant Menard's motion for summary judgment. *Grubb*, 523 S.W.3d at 421.

### C. WHETHER MENARD'S ACTED REASONABLY UNDER THE CIRCUMSTANCES

Finally, Menard's argues that summary judgment should be granted in its favor, as it did all that was reasonable under the circumstances to either warn of the risk of the platform lift or eliminate it. Again, this is a factual question to be considered by the jury, as it goes to whether Menard's breached its duty to Bielefeld by failing to act in accordance with the standard of care. *See Shelton*, 413 S.W.3d at 913–14 ("whether a standard of care . . . is met or satisfied . . . is inherently fact-intensive, grounded in common sense and conduct acceptable to the particular community"). While there is evidence that Menard's posted signs warning of the risk of the machinery in the store, the adequacy of these warnings is a question for the jury. Further, there is evidence that the platform lift was improperly parked, which may also be considered by the jury in determining whether Menard's behaved reasonably and, if it did not, apportioning fault among the parties for Bielefeld's injuries. *See Shirrell v. Kroger Co.*, 2016 WL 4256902, at *2 (Ky. Ct. App. Aug. 12, 2016) (reversing summary judgment for defendant grocery store, as it was "not beyond dispute that [grocery store] did all that was reasonable to fulfill their duty of care" when plaintiff slipped on poster in store). Therefore, summary judgment is inappropriate.

### IV. CONCLUSION

Therefore, for the above reasons, Defendant Menard, Inc.'s motion for summary judgment (DN 17) is **DENIED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 31, 2018